IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STANLEY F. WASHINGTON, #18857                                    PLAINTIFF

CIVIL ACTION NO. 3:06cv575-TSL-JCS

MALCOLM McMILLIN, ET AL.                                        DEFENDANTS

REPORT AND RECOMMENDATION

The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. Washington is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). Having considered the Plaintiff's testimony at the Omnibus Hearing, the Court finds, for the reasons which follow, that some claims in this action should be dismissed as frivolous[2] pursuant to 28 U.S.C. § 1915(e)(2).[3]

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

[3] 28 U.S.C. § 1915 (e)(2) states, as follows:
[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

By separate Order, the Court will set a dispositive motion filing deadline on Plaintiff's remaining claim of denial of adequate medical care.

### I. Plaintiff's Claims and Discussion

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983, claiming that the Defendants violated his constitutional rights during his time of incarceration as a pretrial detainee at the Hinds County Detention Center located in Raymond, Mississippi. The Plaintiff has also asserted claims against the Defendants pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 (2000 and Supp. II). The Defendants are the Sheriff of Hinds County, Malcolm McMillin, and other employees of the Hinds County Sheriff's Office, as follows: Mary Rushing, Ruth Wyatt, and George Smith.

At the omnibus hearing, the Plaintiff was given an opportunity to testify concerning his complaint and explain his allegations.[4] According to his complaint and his testimony, Plaintiff alleges that the Defendants have denied him participation in "any and all programs including GED/Education Program" because of his HIV positive status, in violation of the ADA. Complaint at 5, Docket entry number 1. He alleges, furthermore, that the Defendants have denied him the opportunity to work and/or attain "trustee" status because of his "serious medical issues," which is contrary to the ADA. Id. Without alleging any injury, Plaintiff alleges that he has been denied ready access to bleach and cleaning materials and, thereby, has been forced to

---

[4] In his complaint, Plaintiff initially attempted to state claims on behalf of other prisoners, and at one time, he filed a letter motion (docket entry number 7) requesting that the case be considered a class action. The Court, however, denied his request that this action proceed as a class action, stating that the Plaintiff "fail[ed] to assert any facts to establish that 'the class is so numerous that joinder of all members is impracticable' which is required by Rule 23(a)(1) of the Federal Rules of Civil Procedure." Order at docket entry number 11.

live in unsanitary conditions. Finally, Plaintiff alleges that Defendants Rushing and Wyatt have denied him adequate medical care by failing to schedule frequent appointments for him with mental health professionals, by denying him unspecified medication for treatment of his HIV positive status, by failing to employ a psychiatrist to treat the needs of the mentally ill, and by failing to distribute and/or dispense medication in an orderly fashion. Plaintiff seeks injunctive relief, as well as unspecified actual and punitive monetary damages. The Court will address these claims, in turn.

### A. Exhaustion and Claims for Injunctive Relief

The Court first addresses the issue of exhaustion and Plaintiff's claims for injunctive relief. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action challenging prison conditions. Washington was thus required to exhaust his administrative remedies for all his claims, including those raised under the ADA, because they involved matters of prison life. See Booth v. Churner, 532 U.S. 731, 739 (2001). Plaintiff alleges that there is no Administrative Remedy Program in place at the Hinds County Detention Center, but that he made both written and verbal requests for assistance which were not answered. Therefore, it appears that the Plaintiff "exhausted the administrative remedies that were personally available to him." Days v. Johnson, 322 F.3d 863 (5th Cir. 2003). The undersigned also finds that as the Plaintiff is no longer housed at the Hinds County Detention Center, his claims for injunctive relief are moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Docket entry numbers 29 and 30 (Change of Address Notices).

### B. § 1983 Claims

Plaintiff has brought this action pursuant to § 1983, therefore the Court must determine

whether the Plaintiff has stated claims for violations of his constitutional rights. Plaintiff alleges that the Defendants, in general, have barred him from participation in "any and all programs including GED/Education program." Complaint at 5. Nevertheless, at the Omnibus Hearing, he admitted that he had obtained his G.E.D. at another facility. He also alleges that he has been denied the opportunity to work and attain trustee status.

The Court finds that these claims, essentially, challenge his classification status, as participation in educational programs and achievement of trustee status could affect his classification status. "Under Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).[5]

The Court next examines Plaintiff's claim that prisoners were denied ready access to bleach and cleaning materials, thereby subjecting them to unsanitary conditions in violation of their constitutional rights. Plaintiff fails to cite any injury he received as a result of this alleged failure by the Defendants, therefore this claim fails to rise to the level of a constitutional violation. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(An actual injury is required to state a constitutional claim.). Furthermore, speculation regarding any long-term health effects resulting

---

[5]See also Scheanette v. Dretke, 196 Fed.Appx. 271 (5th Cir. 2006)(citing Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998)(Plaintiff's claim "that he is being denied his equal protection rights because death row inmates do not have the opportunity to obtain a GED while other inmates do have that opportunity fails because inmates with different housing classifications are not similarly situated.").

4

from these alleged unsanitary conditions is simply that: speculation. This Court finds that speculative claims regarding the long-term effects of these conditions fall into the category of vague and conclusory allegations, which do not meet the standard required to state a claim under 42 U.S.C. § 1983. See Mills v. Criminal District Court #3, 837 F.2d 677, 678 (5th Cir. 1988). Accordingly, the foregoing § 1983 claims are dismissed against all of the Defendants.

Plaintiff makes specific § 1983 inadequate medical care claims against Defendants Rushing and Wyatt. He alleges that Rushing and Wyatt allowed several months to pass between his appointments with mental health professionals, that they denied him certain medications, including HIV medication, that they failed to employ a psychiatrist to attend to the needs of the mentally ill, and that they distributed medication in an erratic fashion. The Plaintiff, however, cannot point to any injuries he suffered as a result of Rushing's and Wyatt's actions, and he admitted at the Omnibus Hearing that no doctor had told him that the jail's administration of drugs had harmed him. Nevertheless, in an abundance of caution, the undersigned finds that a dispositive motion filing deadline should be set for these inadequate medical care claims against Rushing and Wyatt, so that the Court may examine the relevant records. The Court will set the deadline by separate order and declines at this time to dismiss these claims for a failure to state a constitutional claim.

### C. ADA Claims

The Court turns to examine the Plaintiff's claims against the Defendants, named individually, brought pursuant to the ADA. The Court finds that the Plaintiff's ADA claims against the Defendants must be dismissed because a plaintiff may not bring a § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by Title II

of the ADA. See McCarthy v. Hawkins, 381 F.3d 407 (5th Cir. 2004); see also Rivera v. Dawson, 2007 WL 1223914 (5th Cir. 2007).  Accordingly, these claims against the individual Defendants should be dismissed with prejudice.

## II.  Conclusion

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Plaintiff's claims be dismissed as follows:

1.  Plaintiff's § 1983 claims based upon his dissatisfaction with his classification and alleged unsanitary conditions are dismissed without prejudice as frivolous as to all Defendants; and

2. Plaintiff's ADA claims against all Defendants are dismissed without prejudice as frivolous.

Plaintiff's claims for denial of adequate medical care, alleged against Defendants Rushing and Wyatt only, are not dismissed at this time.  By separate Order, the undersigned will set a dispositive motion filing deadline on these claims.

Parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations within ten (10) days after being served with a copy of the Report and Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).

RESPECTFULLY SUBMITTED, this the   18th   day of October, 2007.

        S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE